# United States District Court
# Northern District of Indiana

DARHONDA MCKEEL,

    Plaintiff,

v.

REPUBLIC PARKING SYSTEM INC.,

    Defendant.

Civil Action No. 3:14-CV-120 JVB

## OPINION AND ORDER

Plaintiff DaRhonda McKeel, an African American woman, sued her former employer, Republic Parking System Inc. ("Republic") alleging it discriminated against her and subjected her to a hostile work environment due to her race, retaliated against her for complaining about race discrimination and for filing charges with the Equal Employment Opportunity Commission, and terminated her due to her race and in retaliation for her complaints and EEOC charges. Republic has filed a motion for summary judgment (DE 31). For the reasons that follow, the Court grants the motion.

**A.    Facts**

In March 2012 Plaintiff DaRhonda McKeel began working for Republic as a valet parker at an airport parking facility in South Bend. Her job required her to drive and park customers' vehicles. Having a valid driver's license was a job requirement.

In October 2012, McKeel filed two charges of discrimination against Republic, alleging harassment and intimidation by a co-worker due to her race in the first charge and retaliation for

filing the first charge in the second charge. She filed another charge in November 2012, again alleging retaliation for participation in the EEOC process. In March 2013 she filed a fourth charge, claiming that she was suspended from work without pay because of her race and in retaliation for exercising her rights under the EEOC process. Right-to-sue letters for all but the November 2012 charge were mailed in May and June 2013. Republic claims that a right-to-sue letter regarding the November 2012 charge was mailed on October 29, 2013.[1]

Republic further claims that in July 2013, it conducted its annual motor vehicle records check for employees who drove as part of their jobs and discovered that McKeel's driver's licence had been suspended since December 15, 2012.[2] Jan Veal, Republic's director of human resources, sent McKeel a letter dated July 31, 2013, informing her that a "decision is currently pending concerning your employment at Republic Parking System, Inc." (DE 38-4, 18). The letter indicated that a consumer report was enclosed and that the contents of the report were "under review in consideration of your continued employment." *Id.* The letter advised McKeel that she should contact Veal immediately if the report contained any inaccurate or incomplete information so that the corrected information could be reviewed before any employment decision was made and that she must submit official documentation establishing the inaccuracy of the report information within seven days of receipt of the letter. *Id.* In a letter dated August 8, 2013, Veal informed McKeel that, on the basis of Republic's "MVR grading criteria," it could not

---

[1]Republic claims this right to sue letter is found in McKeel deposition exhibit I, but has not included that exhibit in the materials submitted in support of its summary judgment motion.

[2]With regard to these claimed facts, Republic referred the Court to Veal deposition pages 37–38 (DE 32-3, 9–10). There is no mention in those pages of an annual motor vehicle records check in July 2013, nor the date of December 15, 2012. In that portion of her deposition, Jan Veal was questioned about an exhibit 10, but no exhibit 10 was submitted in support of the summary judgment motion. Nonetheless, because McKeel does not challenge them, the Court will accept these facts as true.

continue to employ her (DE 32-3, 14).

On August 13, 2013, McKeel filed her final EEOC charge against Republic, alleging that she was terminated after a motor vehicle report showed that her license had been suspended. In the charge, she admitted that her license had been suspended, but claimed that Republic was searching for a reason to terminate her because of her earlier EEOC charges. She stated her belief that there were non-driving jobs that she could have performed until her license issue was resolved. The right-to-sue letter for this charge was mailed November 13, 2013. McKeel's original complaint was filed on January 22, 2014. Her amended complaint, adding counts for discrimination and retaliation related to her termination, was filed on February 5, 2014.

**B.     Discussion**

Summary judgment is appropriate if the moving party shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

Republic asserts that most of McKeel's claims are time-barred because she did not file suit on them within ninety days of receiving her EEOC right to sue letters. In her response brief, McKeel addresses only the claims in Count IV of her amended complaint under Title VII for retaliation for complaints of race discrimination and filing EEOC charges, which she maintains were the reason for her termination. Republic does not dispute that she filed these claims within the ninety-day window. She has abandoned all other claims.

Title VII prohibits an employer from retaliating against an employee who engages in activity protected by the statute. *Castro v. Devry, Inc.*, 786 F.3d 559, 564 (7th Cir. 2015). It has

3

long been held that a plaintiff may prove her case under either the direct or indirect method of proof, but more recently, the Seventh Circuit has questioned the usefulness of the distinctions between the two methods and has noted that the fundamental question is whether the evidence would permit a reasonable trier of fact to infer retaliation. *Id.*

To establish retaliation under the direct method, a plaintiff must show that she engaged in protected activity, her employer took an adverse employment action against her, and that the desire to retaliate was the but-for cause of the adverse action. *Sklyarsky v. Neams-Knaus Partners, L.P.*, 777 F.3d 892, 898 (7th Cir. 2015). It is undisputed that McKeel has satisfied the first two elements, but there is no evidence pointing to retaliation as the but-for cause of her termination.

McKeel contends that she can establish her retaliatory discharge claim under the direct method because she has shown a "convincing mosaic of circumstantial evidence" that would permit a jury to infer retaliation by Republic. Circumstantial evidence could include suspicious timing, ambiguous statements, evidence that similarly situated employees were treated differently, and evidence that the employer offered a pretextual reason for its adverse action. *Coleman v. Donahoe*, 667 F.3d 835, 860 (7th Cir. 2012).

There is no evidence of suspicious timing here. McKeel was terminated more than four months after her last charge of discrimination was filed and before she had received a right-to-sue letter on one of her charges. There is nothing fishy about the timing of her discharge or the reason given for it: it occurred on the heels of a motor vehicle records review that showed McKeel, whose job duties included driving customers' vehicles, had a suspended license, facts she candidly admits. She submits that she did not know her license was suspended, but this casts

4

no doubt on Republic's motive; it could not allow an unlicensed driver to operate its customers' vehicles. She also thinks she should have been offered a non-driving job and given the opportunity to resolve her license situation, but provides no evidence that this was Republic's customary practice in such circumstances or that there were any non-driving positions open. Republic has consistently maintained that McKeel's lack of a valid drivers license was the reason for her termination and she has designated no evidence to suggest that this reason was not the real reason.

The only suggestion that retaliation was the motive for McKeel's termination is that it occurred some four months after she filed the last of a series of EEOC charges. But the Seventh Circuit has consistently held that retaliation cannot be reasonably inferred solely from adverse action that comes months after learning about protected activity. *See, e.g. Kidwell v. Eisenhauer*, 679 F.3d 957, 966–67 (7th Cir. 2012). Moreover, where a significant intervening event—here Republic's discovery of McKeel's suspended license—separates an employee's protected activity from the adverse employment action, a suspicious timing argument will not prevail. *Id.* at 967.

**C.     Conclusion**

For the foregoing reasons, Republic's motion for summary judgment is GRANTED.

SO ORDERED on November 18, 2015.

s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge
Hammond Division
